UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON SANCHEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-2571-B |
| | § | |
| BANK OF AMERICA, N.A., and | § | |
| AMERICAN HOMES 4 RENT, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss"), filed September 2, 2014 (doc. 12). For the reasons that follow, BANA's Motion is **GRANTED in part** and **DENIED in part**.

### I.

### BACKGROUND

*A.  Factual Background*

The present suit is the end result of Plaintiff's year-and-a-half long, but ultimately unsuccessful, efforts to obtain a modification of his home mortgage loan and avoid foreclosure and eventual eviction from his home. Those efforts began in early 2011 when Plaintiff fell behind on his home mortgage loan payments.[1] Docs. 7, First Amended Complaint ¶ 8. Due to his failure to keep

---

[1] Plaintiff's home mortgage loan is evidenced by a promissory note (the "Note") that Plaintiff executed for $112,720.00 in favor of Universal American Mortgage Company, LLC ("Universal"). Doc. 12, Defendant's Memorandum of Law in Support of its Motion to Dismiss Plaintiff's First Amended Complaint, Ex. A – Note. As security for the Note, Plaintiff signed and delivered a Deed of Trust (the "Deed of Trust") for real property located at 2000 Natchez Drive, Forney, Texas 75216 (the "Property")

up with his mortgage payments, Plaintiff submitted all documentation required to obtain a modification of his loan to BANA's "work out unit" on or about June 30, 2011. *Id.*

On July 11, 2012, BANA approved Plaintiff for a "type II loan modification." *Id.* To complete the loan modification process, BANA instructed Plaintiff to make three consecutive trial payments, each in the amount of $946.68, in September, October, and November of that year. *Id.* ¶ 10. Plaintiff states that he tendered all three payments via BANA's automated phone service. *Id.* ¶ 11.

On December 12, 2013, however, despite Plaintiff's alleged tender of all three trial payments, BANA informed Plaintiff that he was not eligible for a loan modification because BANA never received the October payment. *Id.* Although it was later discovered that BANA had erroneously applied Plaintiff's October payment to another account, by the time BANA realized and corrected its mistake, Plaintiff had failed to make the December payment. *Id.* ¶¶ 12–13. As a result, Plaintiff was told he would have to start the loan modification process over again. *Id.* ¶ 13.

Plaintiff again sent the necessary loan modification paperwork to BANA in mid-January 2013. *Id.* ¶ 14. On July 9, 2013, Plaintiff received a letter from BANA stating that his second application for loan modification had been denied on the grounds that his "loan exceeded the [program's maximum] allowance of 30% of the unpaid principal balance." *Id.* ¶ 20. Plaintiff appealed the decision, but his appeal was denied on July 20, 2013.[2] *Id.* ¶ 22.

Plaintiff attempted to obtain a loan modification for a third time on November 4, 2013, when

---

to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Universal. FAC ¶ 8; Ex. B – Deed of Trust. The Deed of Trust, together with the Note, was assigned to BANA on January 17, 2013. FAC ¶ 8; Ex. C – Assignment of Deed of Trust.

[2] Between the time he submitted his second application for a loan modification and the date his application was denied by BANA, Plaintiff maintains that he was repeatedly notified by BANA that his point of contact had been changed and asked to resubmit his loan modification paperwork. *Id.* ¶¶ 15–18.

he again sent all of the documents required to obtain a loan modification to BANA. *Id.* ¶ 25. On November 20, 2013, Plaintiff received a letter from BANA stating that his loan had been approved for modification pending receipt of a $2,533.61 reinstatement fee and trial payments for January, February and March 2014. *Id.* Plaintiff tendered the reinstatement fee shortly after receiving the letter. *Id.*

On November 27, 2013, Plaintiff called BANA and spoke with a representative who assured him that his home was not scheduled for a foreclosure sale. *Id.* ¶ 26. Despite having obtained this assurance, however, Plaintiff received a letter from BANA on December 11, 2013, informing him that his home had been purchased through a Substitute Trustee's Sale. *Id.* ¶ 27; Ex. C – Substitute Trustee's Deed.

Thereafter, on January 24, 2014, Plaintiff received a "notice to vacate letter" from American Homes 4 Rent, LCC ("American Homes"), the purchaser of Plaintiff's home at foreclosure. *Id.* ¶ 30. This letter was followed several months later by an Eviction Citation, informing Plaintiff that American Homes had initiated a forcible entry and detainer action against Plaintiff in Kaufman County court. *Id.* ¶ 31; Ex. E – Eviction Citation. The status of this proceeding is not apparent from Plaintiff's complaint.

B.   *Procedural Background*

Based on the above factual allegations, Plaintiff filed suit against BANA and American Homes in the 422nd Judicial District Court of Kaufman County, Texas on June 24, 2014, seeking to avoid eviction and reverse the foreclosure sale of his home. American Homes removed the action to this Court on July 16, 2014, and BANA filed its consent to removal on July 22, 2014. Shortly thereafter, BANA filed a motion to dismiss Plaintiff's Original Verified Petition, which the Court

dismissed as moot on August 20, 2014, in light of Plaintiff's filing of his First Amended Complaint (the "Complaint").

On September 2, 2014, BANA filed the present Motion to Dismiss Plaintiff's First Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Plaintiff filed a response to BANA's Motion to Dismiss on October 7, 2014, to which BANA replied on October 21, 2014. As such, BANA's Motion to Dismiss is ripe for the Court's review.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

## III.

## ANALYSIS

In his Complaint, Plaintiff asserts claims against BANA for (1) violations of the Texas Debt Collection Practices Act ("TDCPA"), Tex. Fin. Code. §§ 392.001, *et seq.*, (2) violation of Texas Property Code § 51.002, (3) unjust enrichment, (4) negligent misrepresentation, (5) quiet title, (6) breach of contract/specific performance, (7) an equitable accounting, and (8) a declaratory judgment. At the urging of BANA, the Court addresses the plausibility of each of these claims, in turn, below.

A.  *Plaintiff's Claim for Violations of the TDCPA*

The Court first considers Plaintiff's claims under the TDCPA. Plaintiff alleges that BANA (1) used false representations or deceptive means to collect a debt in violation of section 392.304(a)(19), (2) misrepresented the character, extent, or amount of a consumer debt in violation of section 392.304(a)(8), (3) attempted to collect charges incidental to the obligation in violation of section 392.303(a)(2), and (4) foreclosed when the law prohibited it in violation of section 392.301(a)(8). FAC ¶ 34. BANA maintains that Plaintiff has failed to state a claim for a violation

of any of these provisions. Doc. 12, BANA's Br. 7.

### 1. Section 392.304(a)(8)

Plaintiff first claims that BANA violated Section 392.304(a)(8) of the Texas Finance Code, which prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt." Tex. Fin. Code § 392.304(a)(8). To state a viable claim for a violation of section 392.304(a)(8), Plaintiff must demonstrate that BANA made a false or misleading statement that "led him to think differently with respect to the character, extent, amount, or status of his debt." *Miller v. BAC Home Loan Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013).

Although not obvious from the Complaint, Plaintiff appears to argue that BANA violated section 392.304(a)(8) by "repeatedly promising a loan modification the next time Plaintiff contacted [BANA]." Doc. 16, Pl.'s Resp. Br. 10. Plaintiff also implies that BANA violated section 392.304(a)(8) by "represent[ing] that Plaintiff needed to submit documentation for a loan modification" and then, after Plaintiff submitted the requested documentation, "deny[ing] having received the information." *Id.* As BANA accurately observes, however, even if false, neither of these alleged promises appears to concern the character, extent, or amount of Plaintiff's debt. Doc. 18, BANA's Reply Br. 2. Accordingly, Plaintiff has failed to state a claim for a violation of section 392.304(a)(8). *See Chavez v. Wells Fargo Bank, N.A.*, 578 F. App'x 345, 348 (5th Cir. 2014) (promising qualification for loan modification, while not to be condoned, does not constitute misrepresentation regarding character, extent, amount, or status of debt).

### 2. Section 392.304(a)(19)

Plaintiff next claims that BANA violated section 392.304(a)(19) of the TDCPA. As this Court has previously stated, "[s]ubsection 392.304(a)(19) operates effectively as a 'catch-all'

provision, prohibiting a debt collector from 'using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.'" *Woods v. Bank of Am., N.A.*, No. 3:11-CV-1116-B, 2012 WL 1344343, at *7 (N.D. Tex. Apr. 17, 2012) (quoting Tex. Fin. Code § 392.304(a)(19)). Plaintiff alleges that BANA violated section 392.304(a)(19) by imposing wrongful charges (i.e., penalties, attorney fees, corporate advances) on Plaintiff's mortgage account. FAC ¶ 35; Pl.'s Resp. Br. 10.

In moving to dismiss this claim, BANA denies imposing wrongful charges on Plaintiff's account, but argues that even if it did, such charges are not false or misleading affirmative statements under the TDCPA and thus cannot form the basis of a claim for a violation of section 392.304(a)(19). BANA's Br. 6; Reply Br. 2. In so arguing, however, BANA ignores the fact that section 392.304(a)(19) also prohibits debt collectors from using "*any* deceptive means to collect a debt." Tex. Fin. Code § 392.304(a)(19) (emphasis added). Here, BANA's imposition of wrongful charges on Plaintiff's mortgage may have constituted such a deceptive means, because such charges could conceivably have led Plaintiff to believe that his debt was due when in fact it was not. Thus, the Court finds that Plaintiff has successfully stated a claim for a violation of section 392.304(a)(19).

### 3. Section 392.303(a)(2)

Plaintiff further claims that BANA violated section 392.303(a)(2) of the TDCPA, which prohibits a debt collector from "collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." Tex. Fin. Code § 392.303(a)(2). Although not obvious from the Complaint, Plaintiff appears to allege that BANA violated section 392.303(a)(2) by placing fees on Plaintiff's mortgage account,

such as attorney fees and corporate advances, which had nothing to do with Plaintiff's underlying obligation. Pl.'s Resp. Br. 10.

In urging dismissal of this claim, BANA argues that Plaintiff's allegation regarding BANA's wrongful placement of fees on Plaintiff's mortgage account is insufficiently detailed to establish a violation of section 392.303(a)(2) because it does not describe the character or the amount of the alleged unauthorized charges or fees. BANA's Br. 7; Reply Br. 2. BANA has failed, however, to provide the Court with any authority to suggest that such specificity is required at the pleading stage to state a claim for a violation of section 392.303(a)(2). Accordingly, the Court finds Plaintiff's allegation that BANA placed fees, such as attorney fees and corporate advances, on Plaintiff's mortgage account sufficient to state a claim for a violation of section 392.303(a)(2).

4. Section 392.301(a)(8)

Finally, Plaintiff claims that BANA violated section 392.301(a)(8) of the TDCPA "by foreclosing when the law prohibits it." FAC ¶ 34. BANA argues that Plaintiff's section 392.301(a)(8) claim must be dismissed because the Plaintiff has admitted to being in default on his mortgage loan, giving BANA the right under the terms of the Deed of Trust to foreclose on Plaintiff's home. BANA's Br. 8. Moreover, BANA maintains that Plaintiff's claim fails because Plaintiff has failed to allege the use of "threats, coercion, or attempts to coerce," a necessary element of a claim under section 392.301(a)(8). *Id.*

Having reviewed the parties' respective arguments and authority, the Court agrees with BANA that it had a contractual right to foreclose on Plaintiff's home and thus did not violate section 392.301(a)(8) by threatening to do so. Section 392.301(a)(8) forbids a debt collector from using "threats, coercion, or attempts to coerce," including "threatening to take an action prohibited by

law." Tex. Fin. Code § 392.301(a)(8). At the same time, however, it expressly permits a debt collector to "exercis[e] or threaten[] to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." *Id.* § 392.301(b)(3).

In this case, the Deed of Trust explicitly authorized BANA to foreclose on the Plaintiff's home in the event of Plaintiff's default on his mortgage payments. *See* Deed of Trust ¶¶ 1, 9, 18. Plaintiff, moreover, has admitted to being in default on his mortgage payments. *See* FAC ¶ 8. Accordingly, the Court concludes that BANA had a contractual right to foreclose on Plaintiff's home and did not violate section 392.301(a)(8) in doing so. *Wildy v. Wells Fargo Bank, NA*, No. 3:12-CV-01831-BF, 2012 WL 5987590, at *3 (N.D. Tex. Nov. 30, 2012) ("[F]oreclosure, or the threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on their mortgage."); *Burr v. JPMorgan Chase Bank, N.A.*, No. 4:11-CV-03519, 2012 WL 1059043, at *7 (S.D. Tex. Mar. 28, 2012) ("[I]t is well established that [defendant's] foreclosure on the [plaintiffs'] home after the [plaintiffs] admittedly defaulted on their mortgage loan is not an action prohibited by law.").

B.  *Violation of Texas Property Code § 51.002(d)*

BANA has provided the Court with no grounds for dismissing Plaintiff's claim under section 51.002(d) of the Texas Property Code. Accordingly, to the extent BANA has moved to dismiss this claim, BANA's Motion to Dismiss is denied.

C.  *Unjust Enrichment*

The Court next considers Plaintiff's claim of unjust enrichment. Plaintiff alleges that Defendant engaged in unlawful collection activities by (1) failing to abide by United States Department of Housing and Urban Development ("HUD") regulations in violation of the Deed of Trust; (2) "misapply[ing] Plaintiff's October 2012 payment on the trial payment plan and then

classify[ing] his loan as in default"; and (3) requesting the same documents and information from Plaintiff while continuing to charge him late fees. FAC ¶ 48. He further claims that Defendants have wrongfully secured or passively received a benefit from Plaintiff in the form of foreclosure and improper fees. *Id.* ¶ 49. In moving to dismiss Plaintiff's unjust enrichment claim, BANA argues that Plaintiff's claim is precluded by the existence of valid contracts between the parties—i.e., the Note and Deed of Trust. BANA's Br. 9. The Court agrees with BANA.

In Texas, a plaintiff may recover for unjust enrichment if the defendant has "obtained a benefit from [plaintiff] by fraud, duress, or the taking of an undue advantage." *Merryman v. JPMorgan Chase & Co.*, No. 3:12–CV–2156–M(BH), 2013 WL 497883, at *6 (N.D. Tex. Jan. 16, 2013)(quoting *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)). "Unjust enrichment is a quasi-contractual claim that is based on the absence of an express agreement." *Anderson v. CitiMortgage*, No. 4:10–CV–398, 2011 WL 1113494, at *6 (E.D. Tex. Mar. 24, 2011). Consequently, "[u]nder Texas law, there can be no claim for unjust enrichment when there is a binding contract between the parties." *Bircher v. Bank of New York Mellon*, No. 4:12–CV–171–Y, 2012 WL 3245991, at *7 (N.D. Tex. Aug. 9, 2012).

That being said, the Court acknowledges, that a plaintiff is not precluded from asserting a claim for unjust enrichment in the alternative to a claim for breach of contract. *Baisden v. I'm Ready Prods., Inc.*, No. H–08–0451, 2008 WL 2118170, at *10 (S.D. Tex. May 16, 2008)). This is because the contract or contracts underlying the claim for breach could later be held invalid. *See Waller v. DB3 Holdings, Inc.*, No. 3:07–CV–0491–D, 2008 WL 373155, at *6 (N.D. Tex. Feb. 12, 2008). In this case, however, Plaintiff has failed to plead any facts to suggest that the Deed of Trust, which covers the parties' rights and obligations with respect to foreclosure, was invalid. Accordingly,

Plaintiff's unjust enrichment claim must be dismissed. *Patterson v. Long Beach Mortg. Co.*, No. 3:07–CV–1602–O–BH, 2009 WL 4884151, at *8 (N.D. Tex. Dec. 15, 2009) ("[T]here can be no recovery for unjust enrichment under a quasi-contract or contract implied-in-law theory when a valid, express contract covers the subject matter of the parties' dispute."); *see also Burlington N. R.R. Co. v. Sw. Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App.—Texarkana 1996), *aff'd by* 966 S.W.2d 467 (Tex. 1998) ("A remedy such as unjust enrichment . . . is unavailable when a valid, express contract governing the subject matter of the dispute exists.").

D.   *Negligent Misrepresentation*

BANA also moves to dismiss Plaintiff's claim for negligent misrepresentation. A claim for negligent misrepresentation has four elements: (1) defendant made a representation in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). Plaintiff alleges that BANA negligently misrepresented the "status of Plaintiff's mortgage loan . . . by stating that there was no foreclosure date when[,] in fact, the Property was set for foreclosure on December 3, 2013." FAC ¶ 54. As a result of BANA's negligent misrepresentation, Plaintiff claims he suffered damages, including court costs, actual and exemplary damages, severe stress, and multiple physical symptoms including a series of rashes induced by stress. *Id.* ¶ 55.

BANA moves to dismiss Plaintiff's claim on the grounds that Plaintiff has not pleaded BANA's negligent misrepresentation with sufficient particularity. BANA's Br. 10. In so moving,

however, BANA fails to identify precisely how Plaintiff's pleading is deficient—i.e., the types of details Plaintiff has failed to allege—nor does BANA cite to any legal authority to support its argument. *See id.* Thus, even if valid grounds may exist for dismissing Plaintiff's negligent misrepresentation claim, the Court is not in a position to dismiss Plaintiff's claim at this time.

E.   *Quiet Title*

BANA further moves to dismiss Plaintiff's claim to quiet title in the Property. A suit to quiet title is an equitable action to clear a "clouded" title. *Metcalf v. Deutsche Bank Nat'l Trust Co.*, No. 3:11-CV-3014-D, 2012 WL 2399369, at *6 (N.D. Tex. June 26, 2012). Title to property is "clouded" when a party has an invalid claim to the property that serves to diminish the property's value. *See generally Bell v. Bank of Am. Home Loan Servicing LP*, 4:11-CV-02085, 2012 WL 568755, at *6–7 (S.D. Tex. Feb. 21, 2012). In order to quiet title, the plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000); *see also Fricks v. Hancock*, S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001) ("[A] plaintiff in a suit to recover title must prove and recover on the strength of his own title, not on the weakness of his adversaries title."). Where the plaintiff is attempting to recover title from a mortgagee who took title pursuant to a foreclosure sale, this requires plaintiff to establish both that the foreclosure was void or invalid and that he or she tendered the full amount due on the mortgage loan. *See Willoughby v. Jones*, 251 S.W.2d 508, 510 (Tex. 1952); *see also Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) ("Texas courts have held that tender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession of the property and claims title

under a void foreclosure sale.").

BANA argues that Plaintiff's quiet title claim must be dismissed because Plaintiff never tendered or offered to tender the full amount due on the Note and therefore cannot establish superior title to the Property. BANA's Br. 11. BANA's contention, however, is flatly contradicted by the allegations contained in the Complaint, which if true, show that on November 25, 2013, Plaintiff tendered to BANA $2,533.61, the full amount due on his Note.[3] FAC ¶ 16. As such, BANA's motion to dismiss Plaintiff's claim to quiet title is denied.

F.   *Declaratory Judgment*

The Court next considers Plaintiff's request for a declaratory judgment. Plaintiff requests that the Court enter a declaratory judgment finding that Plaintiff "has not materially breached the Deed of Trust, that BOA had no standing or waived its right to foreclose, and that [BANA] wrongfully foreclosed on property." FAC ¶ 61. In addition, Plaintiff requests that American Homes be estopped from evicting Plaintiff from his home. *Id.* Finally, Plaintiff requests that the Court find that BANA breached the Deed of Trust. *Id.* ¶ 62. Defendant contends that Plaintiff's request for declaratory relief should be dismissed, because "Plaintiff has failed to plead any cause of action which could support entry of a declaratory judgment." BANA's Br. 17.

Codified at 28 U.S.C. § 2201, the Declaratory Judgment Act authorizes federal courts to

---

[3] In its Reply Brief, BANA argues that Plaintiff's allegation that he tendered $2,533.61 in November 2013 cannot plausibly support a claim that he tendered the full amount owed under the Note, because Plaintiff has admitted that he fell behind on his mortgage payments in the beginning of 2011 and his mortgage payments were to be $642.42 per month. In evaluating the sufficiency of Plaintiff's claim, however, the Court is required to accept all well-pleaded allegations of fact as true, viewing them in the light most favorable to Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (5th Cir. 2007). Thus, even though the Court agrees with BANA that Plaintiff likely owed more than $2,533.61 on his loan, the Court is compelled at this stage of the proceeding to conclude otherwise.

"declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). According to the Act, [a]ny such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." *Id.* Thus, the Act "gives a means by which rights and obligations may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy and in cases in which a party who could sue for coercive relief has not yet done so." 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2751 (3d ed. 1998).

To be entitled to declaratory relief under the Declaratory Judgment Act, a plaintiff must allege facts demonstrating that there exists "a substantial and continuing controversy between the two adverse parties." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). "Thus, in the absence of a live substantive claim, Plaintiffs' request for a declaratory judgment must be dismissed." *Saucedo v. Deutsche Bank Nat. Trust Co.*, No. SA-12-CV-00868-DAE, 2013 WL 656240, at *8 (W.D. Tex. Feb. 20, 2013).

Moreover, the decision whether to grant the moving party declaratory relief is entirely within the Court's discretion. *Green v. Heckler*, 742 F.2d 237, 241 (5th Cir. 1984) (citing 10A Wright & Miller, Federal Practice and Procedure § 2759). A court need not grant a declaratory judgment when such a judgment will not "serve a useful purpose in clarifying and settling the legal relations in issue," or "terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding." *Smith v. Vowell*, 379 F. Supp. 139, 164 (W.D. Tex.) *aff'd*, 504 F.2d 759 (5th Cir. 1974) (quoting Borchard, Declaratory Judgments (2d ed.) (1941), 299)).

In this case, there is no question that there is a live controversy between the parties and thus that the Court may issue a declaratory judgment. However, having reviewed Plaintiff's requests for

declaratory relief, the Court has determined that the controversy between the parties has progressed to a point where declaratory relief will no longer be useful in clarifying the legal relationship between the parties or afford either party relief from the uncertainty giving rise to the proceeding. Given that BANA has already foreclosed on the Property, any breach of the Deed of Trust that could have occurred has occurred, and the same can be said with regards to Plaintiff's claim of wrongful foreclosure. To the extent that Plaintiff has not already pursued such claims against BANA, there is nothing to stop him from doing so.

Moreover, to the extent that Plaintiff requests a declaratory judgment enjoining the state from evicting him from the Property, the Court notes that such relief is not authorized by the Declaratory Judgment Act, and that even if it were, the Court would be barred from granting Plaintiff such relief under either the *Younger* or *Rooker-Feldman* abstention doctrine. *See e.g., Chamberlain v. 625 Orleans*, LP, No. 1:11-CV-140, 2011 WL 1627080 (E.D. Tex. Apr. 18, 2011), *accepted*, 2011 WL 1629648 (E.D. Tex. Apr 28, 2011) (denying request for temporary restraining order to prevent eviction based on *Younger* abstention); *Morris v. Am. Home Mortg. Servicing, Inc.*, 443 F. App'x 22, 24 (5th Cir. 2011)(*Rooker-Feldman* doctrine bars federal district court from exercising subject matter jurisdiction to overturn a state judgment). As such, the Court concludes that Plaintiff's claim for declaratory relief should be dismissed.

G.   *Specific Performance/Breach of Contract*

BANA also asks the Court to dismiss Plaintiff's request for specific performance, and by implication, his claim for breach of contract.[4] To state a cause of action for breach of contract under

---

[4] Because specific performance is an equitable remedy for a breach of contract and not an independent cause of action, Plaintiff's request for specific performance necessarily depends on Plaintiff's

Texas law, a plaintiff must allege facts establishing: (1) that there was a valid contract; (2) plaintiff performed his or her obligations under the contract; (3) defendant breached the contract; and (4) plaintiff suffered damages as a result of defendant's breach. *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007). Plaintiff claims that BANA breached the terms of the Note and Deed of Trust by failing to comply with certain HUD regulations, which were incorporated into the Deed of Trust by reference. FAC ¶ 63–66. Specifically, Plaintiff contends that BANA failed to conduct a face-to-face interview with Plaintiff or to make efforts to arrange such an interview within thirty days of default as required by 24 C.F.R. § 203.604(b), inform Plaintiff of any assistance options as required by 24 C.F.R. § 203.604(e)(2), or accept partial payments after default and apply them to Plaintiff's account as mandated by 24 C.F.R. § 203.556(b). FAC ¶ 63, 66, 70. In addition, Plaintiff avers that BANA violated the Note and Deed of Trust by foreclosing on the Property after waiving its right to do so and by "foreclosing on an interest it did not possess." *Id.* ¶ 63.

In moving to dismiss Plaintiff's breach of contract claim, BANA does not dispute that it was contractually obligated to comply with the HUD regulations referenced in the Complaint nor challenge the sufficiency of Plaintiff's allegations regarding BANA's violations. Rather, BANA moves to dismiss Plaintiff's claim on the grounds that, having admitted to being in default on his obligations under the Note and Deed of Trust, Plaintiff cannot show that he performed his obligations under the Note or Deed of Trust. BANA's Br. 13.

The Court finds BANA's argument unpersuasive. As Plaintiff aptly observes in response, the specific HUD regulations at issue presuppose that the borrower is in breach of his contractual

---

ability to maintain a cause of action for breach of contract.

obligation—i.e., they require the lender to take certain actions to help the borrower avoid foreclosure *after* he or she has defaulted on his or her mortgage. *See* 24 C.F.R. § 203.604(b), (e)(2); 24 C.F.R. § 203.556(b). As such, it would be "illogical for the Court to conclude that Plaintiff cannot enforce [BANA's] obligations . . . merely because Plaintiff is in default." *Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-CV-1174-M, 2011 WL 248445, at *2 (N.D. Tex. Jan. 26, 2011). The Court concludes, therefore, that Plaintiff has stated a viable claim for breach of contract for which he may be entitled to specific performance.

H.   *Accounting*

Finally, the Court considers Plaintiff's request for an accounting. FAC ¶ 60. BANA broadly maintains that Plaintiff's request for an accounting must be dismissed because Plaintiff has provided no facts to support its claim. BANA's Br. 11.

Although the Court is loathe to reward BANA for its vague and poorly supported argument for dismissal, the Court must ultimately agree with BANA that Plaintiff has not pleaded sufficient facts to support its claim for an accounting. An accounting is an equitable remedy that may be appropriate when "the facts and accounts presented are so complex that adequate relief may not be obtained at law." *T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n*, 79 S.W.3d 712, 717 (Tex. App.—Houston [14th Dist.] 2002). "To be entitled to an accounting, a plaintiff usually must have a contractual or fiduciary relationship with the party from which the plaintiff seeks the accounting." *Id.*

In this case, neither the Note or Deed of Trust expressly imposes on BANA a contractual duty to account nor has Plaintiff pleaded any facts from which the Court may infer that such a duty to account is implied under either contract. *See id.* at 718–19. Likewise, Plaintiff has not pleaded any

facts to suggest that a fiduciary relationship exists between the parties, which is not surprising given the fact that courts have routinely found there to be no fiduciary relationship between a mortgagee and a mortgagor. *See e.g.*, *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1006 (S.D. Tex. 2011) (citing cases); *see also Williams v. Countrywide*, 504 F.Supp.2d 176, 192 (S.D. Tex. 2007) (stating that Texas law does not recognize a fiduciary relationship between a lender and a borrower). Accordingly, Plaintiff's claim for an accounting must be dismissed.

## IV.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** BANA's Motion to Dismiss (doc. 32) as to Plaintiff's claims for violations of sections 392.304(a)(8) and 392.301(a)(8) of the TDCPA, unjust enrichment, a declaratory judgment, and an equitable accounting, but **DENIES** the Motion as to Plaintiff's claim for violations of section 392.304(a)(19) and 392.303(a)(2) of the TDCPA, violation of Texas Property Code § 51.002(d), negligent misrepresentation, quiet title, and breach of contract/specific performance.

Normally, courts will afford a plaintiff the opportunity to overcome pleading deficiencies, unless it appears certain that such repleading would be futile. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("[A] court ordinarily should not dismiss the complaint except after affording every opportunity for the plaintiff to state a claim upon which relief can be granted."). Since this Order is the Court's first review of Plaintiff's allegations, the Court concludes that Plaintiff should be given the opportunity to replead his claim for violations of sections 392.304(a)(8) and 392.301(a)(8) of the TDCPA. The Court further concludes, however, that it would be futile to allow Plaintiff to replead his claims for unjust enrichment, a declaratory judgment, and an accounting, for

all these claims suffer from deficiencies that cannot be remedied by simply pleading additional facts.

If Plaintiff is able to replead and overcome the grounds for dismissal stated herein, he should do so by no later than thirty (30) days from the date of this Order. Further, any repleading shall be accompanied by a synopsis of no more than ten (10) pages, explaining how the amendments overcome the grounds stated for dismissal in this Order. Should Plaintiff replead, BANA is hereby granted leave to file a response to Plaintiff's synopsis. Any response shall not exceed ten (10) pages and must be filed within fourteen (14) calender days of the repleading. No further briefing will be permitted.

**SO ORDERED.**

**SIGNED: January 30, 2015**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE